**FREEMAN v. ANDING.**
**No. 1479.**

Court of Civil Appeals of Texas. Waco.
March 15, 1934.

Oltorf & Oltorf, of Marlin, for plaintiff in error.

Carrol Pearce, of Marlin, and Geo. Clark, of Waco, for defendant in error.

Statement of the Case.

STANFORD, Justice.

Defendant in error, plaintiff in the court below, sued the plaintiff in error, T. H. Freeman, for an alleged balance due defendant in error on two policies of insurance on the life of her deceased husband, M. A. Anding, in which Freeman and Taylor, predecessors of plaintiff in error, T. H. Freeman, were designated as beneficiaries, balance, if any, payable to defendant in error.

Trial was to a jury, and on the verdict of the jury, together with other findings of the court, the court below rendered judgment in favor of defendant in error against plaintiff in error in the sum of $547.99, with interest thereon at the rate of 6 per cent. per annum from the 7th day of October, 1930.

Plaintiff in error filed his amended motion for a new trial, which motion was overruled, and plaintiff in error has duly appealed to this court.

The court submitted to the jury two special issues, only one of which was answered by the jury; said issue as answered by the jury being as follows, to wit: Special issue No. 1. "Do you find from a preponderance of the evidence that the note for the sum of $1030.11, executed by M. A. Anding to T. H. Freeman, was all the money that M. A. Anding owed to the said T. H. Freeman at the time of the death of M. A. Anding, except the insurance account of $121.61?" Answer "yes" or "no." To which the jury answered: "Yes." On the verdict rendered, the court entered judgment for defendant in error for $547.99 and costs of suit.

Opinion.

It appeared from the evidence that on the 1st day of November, 1928, the Home Bene-

fit Association of Marlin issued a certificate of membership in its class D to M. A. Anding for a maximum benefit of $1,000, payable to Freeman & Taylor Company, creditors, as their interest may appear, balance, if any, to Cora Anding, wife. This policy was taken out for benefit of Freeman and Taylor for the purpose of collecting the $1,000 on the death of Anding. The premium of $121.61 was charged to Anding and after his death paid by money belonging to T. H. Freeman. This policy for $1,000 had been charged to the loss and gain account on the books of said Freeman & Taylor Company on January 9, 1926.

The Home Benefit policy was procured on the 1st day of November, 1928, nearly two years after the Anding account was charged to loss and gain, to wit, on January 9, 1926, by Freeman and premium charged to Anding. On December 6, 1929, a little more than a year after the policy of insurance was procured from the Home Benefit Association, the said M. A. Anding made, executed, and delivered his note to Freeman and Taylor for the sum of $1,030.11, payable on December 6, 1930, with interest at the rate of 10 per cent. per annum from date until paid.

The only explanation as to why this note was taken for the sum of $1,030.11 instead of for the sum of $1,344.10 is explained in the testimony of Mr. Freeman as follows: "Q. Your ledger showed that the amount he, Anding, owed you was $1344.10—do you know why just the note and the insurance account of $121.61 charged to Anding was sent in? A. The bookkeeper made out this insurance account, and we didn't expect to get any more than that $1000.00; that was all I knew to collect from, and I didn't know of the Brazos Mutual policy."

Mr. Anding died some time during May or June of 1930, and Mr. Freeman, plaintiff in error, submitted to the Home Benefit Association his proof of interest in the proceeds of the policy, submitting the said note in the sum of $1,030.11, together with an account for insurance paid, $121.61, and account due by Mrs. Anding of $95.

On said proofs the Home Benefit Association issued its draft or voucher for the sum of $1,000 payable to T. H. Freeman as creditor and to Mrs. Cora Anding, wife, defendant in error, which draft or voucher was signed by Mrs. Cora Anding.

Mr. Freeman further testified that the $1,030.11 note was not taken in full settlement of the $1,344 account. If said note was not taken in full settlement, then why was it taken at all and for the exact amount of $1,030.11? He further testified that he didn't expect to get more than the $1,000 from the Home Benefit policy, and that at the time he did not know of the Brazos Mutual policy, and did not learn of it until afterwards; that he (Freeman) did not have anything to do with the taking out of the Brazos Mutual policy; that he did not know anything about it until he received an assessment card.

The circumstances relied on by the plaintiff in error to procure a verdict from the jury were that Freeman and Taylor at the time they took the note for $1,030 did not make such note for the full amount due, and explained the testimony of Mr. Freeman to the effect that the account had been charged to profit and gain account on his books, and they did not have any other source from which to collect the entire amount, and that the note was merely to cover by a safe margin the $1,000 which he hoped some day to get from the Home Benefit Association. The other circumstance was that Mr. Freeman had a new bookkeeper to make out a statement of the account for the purpose of filing same with the Brazos Mutual, and that such bookkeeper included therein compound interest of the date of each item; that Mr. Freeman signed and filed same with the Brazos Mutual, but contended he did not recover from the Brazos Mutual a sum sufficient to pay what was actually due.

In other words, according to calculation and statement here made, all of the two policies amounting to $1,900 was collected and credited by Mr. Freeman to himself, which left, as he contended, a balance due Freeman of $288.59.

The record shows that Mr. Anding had a policy of insurance on his life for $1,000 payable at his death to T. H. Freeman and Taylor for $1,000, with balance, if any, to his wife. That some two or three years before Anding's death, Freeman induced him (Mr. Anding) to make a note for the amount of said indebtedness; that Anding did so, but when it was made said note was for $1,030.11 instead of for $1,000. After the death of Anding, appellant contended that the amount that Anding owed was $1,344.10. The fact that the note was made for $1,030.11 is almost conclusive that same was the amount, and all that Anding owed, except $121.61 premium on first policy. It would be very unusual for a debtor and creditor in closing their business affairs by a note to take or execute a note for only a part of such debt. If Anding had owed the $1,344.10, the note

would evidently have been for such amount and not for $1,030.11.

The record shows there was a note for $1,030.11, but that $30.11 of same was accrued interest; that said note was for only $1,000 and was so treated in the proof of interest by Mr. Freeman, and the only other claim was the account for insurance, $121.61, and $95 due Mrs. Anding. The Home Benefit policy for $1,000 was applied to, and paid in full, said policy. Mr. Freeman further testified that the $1,030.11 note was not taken in full settlement of the $1,344 account, but the record shows he did take said note for $1,030.-11 in settlement of said note—at least this is the natural conclusion.

The Brazos Mutual policy of Bryan was for $2,000, and M. A. Anding, or his wife, Cora Anding, was named as beneficiary in this policy. We do not know who took this policy out, but we do know that the Brazos Mutual denied liability, and Mr. Freeman, together with two or three others, went to Bryan to collect said policy, and while there settled the amount of said policy for $900. At the time this settlement was made, said money belonged to Mrs. Cora Anding, wife of M. A. Anding, deceased, as trust funds, subject, however, to the expense of the recovery of same. In the recovery of said money the court and the jury awarded to Cora Anding, wife of M. A. Anding, deceased, the sum of $547.99 of said $900, and T. H. Freeman received $352 of said $900, said last named sum consisting of the sum of $84.40 principal and interest unpaid of the note of $1,030.11; the sum of $121.61 account for insurance premium paid by the defendant, T. H. Freeman; the sum of $35 paid to H. O. Lewis by the said T. H. Freeman; the sum of $22.50 traveling expense paid by said T. H. Freeman in collecting said $900; and the sum of $98.50, being principal and interest on the note signed by the plaintiff, Mrs. Cora Anding, of date of April 19, 1927.

Plaintiff in error's contentions herein are all overruled, and the judgment of the trial court is affirmed.

GALLAGHER, Chief Justice, and ALEXANDER, Justice (concurring).

T. H. Freeman collected the proceeds of two life insurance policies issued on the life of M. A. Anding. It is admitted that he was entitled to retain in his possession so much of said funds as was necessary to cover the amount owing by Anding to him and that the balance of said funds belong to Mrs. Anding.

The jury found that Anding owed Freeman $1,031.11. After deducting the above indebtedness, together with certain other properly deductible items of expense, from the amount collected by Freeman on said insurance policies, there remained a balance of $547.99, for which judgment was entered in favor of Mrs. Anding.

Freeman's only contention is that the verdict of the jury is not supported by the evidence. We have very carefully considered the evidence and have reached the conclusion that it is sufficient to support the verdict of the jury. We therefore concur in the affirmance of the judgment of the trial court.